IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

KATHLEEN E. RUFF, )
)
    Plaintiff, )
)
vs. )
)
GOVERNMENT EMPLOYEES INSURANCE )
COMPANY and THE STATE OF )
ALASKA, )
)
    Defendants )
)
)
_____)



RECEIVED APR 25 2006 WILKERSON HOZUBIN

Case No.: 4FA-05-2102 CI

### ORDER GRANTING GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S RUFF'S CROSS MOTION FOR SUMMARY JUDGMENT

#### Introduction

The Plaintiff, Kathleen Ruff, hereinafter referred to as "Ruff", filed a Complaint against her insurer, Defendant, Government Employees Insurance Company, hereinafter referred to as "Insurer" and Defendant, State of Alaska, hereinafter referred to as "State". The Insurer filed a motion for summary adjudication pursuant to Civil Rule 56 against Ruff. Ruff has filed opposition to the Insurer's motion and a cross-motion for summary judgment. Based on the reasons set forth below the Court is granting the Insurer's motion for summary Judgment and denying Ruff's cross motion for summary judgment.

Order Granting Defendant GEICO's Motion For Summary Judgment and Denying
Plaintiff's Cross Motion for Summary Judgment
Page 1 of 8

### Facts of the Case

The Insurer and Ruff are in agreement that there are no material issues of genuine fact and that the issue before the court is a legal one regarding the interpretation of Ruff's insurance policy that was issued by the Insurer.

The basic facts are that prior to Ruff's accident, Ruff was driving in the right lane, westbound on Farmer's Loop Road in Fairbanks. Just prior to the 4:30 p.m. accident, Ruff, who was not wearing a seat belt, was passed by another vehicle that created a cloud of snow or mini snow balls from the freshly fallen snow. Ruff, who essentially lost control of her vehicle, then initiated a lane change into the left west bound lane without using her turn signal. Ruff thereafter crossed the double yellow lines and into the on-coming lane of travel and collided with Mr. Silver Cloud.

### Discussion

**Legal Standard for Summary Judgment**

Summary adjudication is appropriate where there are no genuine issues of fact and that a party is entitled to judgment as a matter of law.[1] Once a party moving for summary judgment has shown that the case presents no material issue of fact and

---

[1] Alaska Civil Rule 56(c).

that the law requires judgment in its favor, the opposing party can avoid summary judgment only by producing competent evidence to show that there are issues of material facts to be tried.[2]

In cases involving insurance contract interpretation, insurance policies are to be construed to provide the coverage that one would reasonably expect from a lay interpretation of policy terms.[3] If a policy is ambiguous, the Court will accept the interpretation that favors the insured.[4] However, the mere fact that two parties to an insurance contract have differing subjective interpretations of the contract does not make the policy ambiguous.[5] Ambiguity exists only when the contract, taken as a whole, is reasonably subject to differing interpretations.[6] In situations where a reasonable interpretation favors the insurer, and any other interpretation would be strained or tenuous, the Court is not compelled to

---

[2] **Brock v. Rogers and Babler, Inc.**, 536 P.2d 778, 782-783 (Alaska 1975)

[3] **Stordahl v. GEICO**, 564 P.2d 63 (Alaska 1977).

[4] **Bering Strait School District v. RLI Insurance Company**, 873 P.2d 1292 (Alaska 1994)

[5] **Dugan v. Atlantic Casualty Companies**, 113 P.3d 652, 655 (Alaska 2005)

[6] **Id.** at 655 citing U. S. Fire Insurance Company v. Colver, 600 P.2d 1 (Alaska 1979).

torture or twist the language of the insurance policy in favor of the insured.[7]

**Discussion and Analysis of Issues**

The primary issue before the Court is whether or not the insurance policy should cover Ruff's accident. Ruff claims that the policy should cover her because she was the victim of a hit and run driver. The Insurer claims that Ruff is not entitled to coverage because there was no physical contact between the vehicle being driven by the unknown driver and Ruff's vehicle. Ruff essentially claims that there was physical contact based upon the snow cloud and/or mini snow balls that flew up when the unknown driver passed Ruff.

The Alaska Supreme Court has recognized and held that because insurance policies are contracts of adhesion, they are construed according to the principle of reasonable expectations.[8] The Court is required to consider four factors in determining the reasonable expectations: (1) the disputed policy language;

---

[7] Dugan, 113 P.3d at 655 citing **Ness v. National Indemnity Company of Nebraska,** 247 F. Supp. 944 (D. Alaska 1965)

[8] **West v. Umialik Ins. Co.,** 8 P.3d 1135, 1138 (Alaska 2000)

(2) other related policy language; (3) relevant extrinsic evidence; and (4) precedent interpreting similar provisions.[9]

The Court has reviewed a certified copy of the policy, which was attached as Exhibit "G" to the Insurer's memorandum. Under Section IV, the policy states:

> We will pay damages for bodily injury, caused by an accident, which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle, an underinsured motor vehicle, or a hit and run motor vehicle arising out of the ownership, maintenance or use of that vehicle.
>
> "Hit and Run Motor Vehicle" means a motor vehicle causing bodily injury to an insured or property damage to an insured auto, through physical contact with him or with an auto he is occupying at the time of the accident and whose operator or owner cannot be identified.

The policy clearly states that a condition precedent for coverage under the hit and run provisions is that there be "physical contact" between the motor vehicles. The issue raised by Ruff is whether or not this condition in the policy is satisfied by the cloud of snow or mini snow balls that created conditions where Ruff lost control of her vehicle.

AS 28.22.201(b), contained in the Alaska Mandatory Automobile Insurance Act states the following:

---

[9] Id.

> If both the owner and operator of a vehicle are unknown, payment under the uninsured or underinsured motorist's coverage may be made only where direct contact between the motor vehicles has occurred.

It would appear that based upon the plain language of the statute that there must be direct contact between the vehicles. The statute does not really contemplate snow being brought up by vehicles passing one another or rocks flying off of wheels when they pass one another. The statute clearly states that there must be direct contact between the vehicles and not indirect contact.

The Alaska Supreme Court in a recent decision made no distinction between "physical contact", "direct contact", and "direct physical contact."[10] The Wold decision illustrates that the terms "direct contact" and "physical contact" are so close in meaning that they cannot be distinguished from one another. The Court went on to state, "On their face, Alaska's physical contact statutes are absolute and unambiguous."[11]

The policy in the instant case requires physical contact between the motor vehicles. The Court finds that the policy language, like the statutory language, is not ambiguous and is very clear in its meaning. In instances where the wording of

---

[10] Wold v. Progressive, 52 P.3d 155 (Alaska 2002)

[11] Id. at page 161

Order Granting Defendant GEICO's Motion For Summary Judgment and Denying
Plaintiff's Cross Motion for Summary Judgment
Page 6 of 8

the policy's meaning appears clear and unambiguous, the party asserting a different meaning bears a correspondingly heavy burden of demonstrating a contrary meaning.[12] Ruff in an attempt of meeting her burden has cited to the Court a number of cases where the courts have interpreted the insurance policy for broad coverage. However, none of the cases are directly on point in regards to the issue of the physical contact or direct contact issue.

In regards to the physical contact issue Ruff has submitted a portion of a treatise as Exhibit "H" to her memorandum dealing on the issue. The treatise raises several interesting issues, the most significant one being those types of accidents where there is no direct physical contact between the vehicles, but where the "hit and run" vehicle negligently causes the accident. Notwithstanding the rationale of the treatise, the Court finds that the Alaska Supreme Court's dicta in **Wold**, supra, compelling and finds that the Insurer's policy is clear and is not ambiguous in regards to the term of "physical contact." Therefore Ruff has not met her burden of demonstrating a contrary meaning.

---

[12] **Id.** at page 161.

## Conclusion

In conclusion, the Court is granting the Insurer's motion for summary judgment and is denying Ruff's cross motion for summary judgment pursuant to the reasons set forth above.

Dated at Fairbanks, Alaska this 25th day of April 2006.

WINSTON S. BURBANK
District Court Judge

Order Granting Defendant GEICO's Motion For Summary Judgment and Denying
Plaintiff's Cross Motion for Summary Judgment
Page 8 of 8