UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LEADER INSURANCE COMPANIES<br><br>              Plaintiff,<br><br>       vs.<br><br>NAE SAEPHAN, as Personal Representative of the Estate of Ann Saephan<br><br>              Defendant. | No. 3:04-cv-00151-TMB<br><br>ORDER<br>[Re: Motions at Dockets 45 and 104] |

## I – MOTIONS PRESENTED

At Docket No. 45 Plaintiff Leader Insurance Companies ("Leader") has moved for partial summary judgment declaring that it has no liability under the uninsured or underinsured motorist coverage under either of the two policies it issued at issue herein. At Docket No. 61 Saephan opposes the motion and at Docket No. 80 Leader has replied to Saephan's opposition.  At Docket 104 Leader has filed a request that the court rule on all pending motions for summary judgment.

## II – BACKGROUND

This action arises out of the November 2003 fatal shooting of a passenger in a vehicle insured by Leader.  The background and facts of this case are well known to the parties and are not repeated here as they are unnecessary to an understanding of the ruling on the pending motions.

## III – PROCEDURAL STATUS

Subsequent to the time that the motion for summary judgment was filed, Leader obtain leave of court and filed its amended complaint.[1]  A pleading that has been

---

[1] Docket Nos. 70, 71.  The Court notes that Leader filed its motion for leave to amend (at Docket No. 42) four days before it filed the motion for summary judgment at bar.

amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.[2/]

The procedural status of pending motions, *i.e.*, motions filed before the amended pleading, is clouded.  It has been held that the filing of an amended pleading renders moot any pending motions addressed to the superceded pleading.[3/]  Moreover, since the prior pleading has been withdrawn, any ruling granting relief based on it could be a nullity, reversible on appeal.[4/]  In this case the situation is further clouded by the fact that the record does not reflect that Saephan has filed an answer to the amended complaint and is, therefore, technically in default.[5/]  Although the amended complaint makes but a minor change to the pleading, that change addresses a matter raised by Saephan in his opposition to the motion.  The motion at Docket 45 seeks judgment on a pleading that has been superceded, the defendant has not yet answered and placed the amended complaint at issue, and the amendment significantly impacts a position taken by Saephan in opposing the motion without a proper opportunity to address the effect.  Accordingly, although it may be an overabundance of caution, the Court declines to exercise whatever discretion it may have to disregard the procedural infirmity.

---

[2/] 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FED. PRAC. & PROC. CIV., § 1476 (2d ed.); *see also  Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992); *Loux v. Ray*, 375 F.2d 55, 57 (9th Cir.1967).

[3/] *See Norman v. United States,* 63 Fed.Cl. 231, 242 (Fed. Cl.2004); *National City Mortgage Co. v. Navarro*, 220 F.R.D. 102, 106 (D. D.C.2004).

[4/] *See Miller v. American Export Lines, Inc.*, 313 F.2d 218, 218-19 (2nd Cir.1963) (*per curiam*).

[5/] The record reflects that counsel for Saephan was served with a copy of the Order Granting Motion to Amend noting that the Amended Complaint was accepted as filed on September 20, 2005.  Accordingly, Saephan's 10-day period in which to answer the amended under FED. R. CIV. P. 15(a), computed in accordance with FED. R. CIV. P. 6, started running on that date and has long since lapsed.

With respect to the request at Docket No. 104, a request that the Court rule on pending motions is unnecessary.  The Court tracks all pending motions and those motions that are ripe are ruled on in due course without further reminder from the parties.  That is not to say, however, that all requests of that nature are unnecessary.  It is certainly appropriate for the parties to request expedited consideration of pending motions when expedited consideration is necessary.

IV – CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment at Docket No. 45 is DENIED, without prejudice as moot, and Plaintiff's Request for Ruling at Docket No. 104 is DENIED.

IT IS ORDERED THAT defendant Nai Saephan must serve and file his answer to the Amended Complaint within 10 days of the date of service of this order.

IT IS FURTHER ORDERED THAT plaintiff Leader Insurance Companies may renew its motion for summary judgment provided that the renewed motion must be served and filed not more than 20 days after the answer to the amended complaint is served and filed.

Dated: September 21, 2006

s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge