UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LEADER INSURANCE COMPANIES<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NAE SAEPHAN, as Personal Representative of the Estate of Ann Saephan<br><br>　　　　Defendant. | No. 3:04-cv-00151-TMB<br><br>ORDER<br>[Re: Motions at Dockets 38 and 57] |

I – MOTIONS PRESENTED

At Docket No. 38 Plaintiff Leader Insurance Companies ("Leader") has moved for partial summary judgment on the counterclaim of defendant Nae Saephan ("Saephan") that Leader violated AS § 29.89.020 in that Leader failed to list a price (premium) for UM/UIM limits above the minimum limits and by using illegal and misleading definitions to describe the coverage.  At Docket No. 57 Saephan opposes the motion and cross-moves for summary judgment in his favor.  At Docket No. 105 Leader has replied to Saephan's opposition and opposed the cross-motion.  Saephan has not replied to the opposition to the cross-motion for summary judgment.

II – BACKGROUND

This action arises out of the November 2003 fatal shooting of a passenger in a vehicle insured by Leader.  The background and facts of this case are well known to the parties and are not repeated here as they are unnecessary to an understanding of the ruling on the pending motions.

### III – ISSUES

Leader's motion raises the issue of whether it was required to quote the price (premium) for the various levels of uninsured/underinsured motorist ("UM/UIM") coverage offered.

Saephan's cross-motion raises the issue of whether Leader's definition of the damages payable under its UIM coverage violates Alaska law.

### IV. APPLICABLE LAW

Generally, a federal court exercising diversity jurisdiction applies the law of the forum state,[1] including its choice of law rules.[2] When interpreting state law, this Court is bound by the decisions of the state's highest court. In the absence of a decision by the highest state court, this Court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."[3] In deciding choice of law questions, Alaska generally looks to the Restatement and for contract cases has adopted the "most significant contacts" test.[4] In this case the insured is an Alaska resident, the policy insured a vehicle located in and expected by the parties to be operated in Alaska, and the injury upon which the claim is based occurred in Alaska. Alaska clearly has the most significant contacts in this case. In addition, the Alaska Supreme Court has consistently applied Alaska law to cases involving foreign insurers in disputes where the insured is an Alaska resident.[5] Consequently, the substantive law to be applied in this case is the law of Alaska.

---

[1] *Conestoga Servs. Corp. v. Executive Risk Indem., Inc.*, 312 F.3d 974 (9th Cir. 2002).

[2] *Fields v. Legacy Health Systems*, 413 F.3d 943, 950 (9th Cir. 2005).

[3] *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001); *Paulman v. Gateway Ventures Partners III L.P.* (*In re Filtercorp, Inc.*), 163 F.3d 570, 578 (9th Cir. 1998).

[4] *Palmer G. Lewis Co., Inc. v. ARCO Chemical Co.*, 904 P.2d 1221, 1227 (Alaska 1995) (adopting RESTATEMENT (SECOND) CONFLICT OF LAWS, § 188).

[5] *See, e.g., Dugan v. Atlanta Cas. Companies*, 113 P.3d 652, 655 (Alaska 2005) and the cases cited therein.

## V – STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[6] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[7] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[8] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a trier of fact or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a non-moving plaintiff must introduce probative evidence that establishes the elements of the complaint.[9] Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[10] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[11]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witness.[12] Instead, it generally accepts as true

---

[6] FED. R. CIV. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[7] FED. R. CIV. P. 56(e)

[8] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[10] *Id.* at 255.

[11] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[12] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir.2005).

statements made under oath.[13] However, this rule does not apply to conclusory statements unsupported by underlying facts,[14] nor may the court draw unreasonable inferences from the evidence.[15] All reasonable inferences are drawn in favor of the non-moving party and the moving party bears the burden of production and persuasion; the moving party has the burden of showing there is no genuine issue of material fact.[16]

## VI – DISCUSSION

First, the Alaska Supreme Court has specifically held that AS §29.89.020(c) does not require that an insurer disclose the price or premium to be charged for the various limits of UM/UIM coverage that it offers.[17] It appears uncontested that Leader offered UM/UIM coverage in various levels as required by statute.[18]

Turning to Saephan's cross-motion. The Policies in question include the following language with respect to the UIM coverage:[19]

> Any amounts payable for **damages** under this coverage will be reduced by all sums paid or payable for the **bodily injury** or **property damage** by or on behalf of anyone responsible. This includes any amount paid under the Liability Coverage and any amount paid or payable under any Workers' Compensation Law, disability benefits law, or any similar law.

---

[13] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir.2005).

[14] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir.1990)

[15] See *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir.1988)

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[17] *Government Employees Ins. Co. v. Graham-Gonzalez*, 107 P.3d 279, 287 (Alaska 2005).

[18] Motion and Memorandum for Partial Summary Judgment re: Failure to Offer, Docket 38, Exhibits 1 and 2. The Court notes that these exhibits are not properly authenticated and are, therefore, inadmissible. However, Saephan has not objected to the consideration of these two exhibits and, in the absence of an objection, any objection to their admissibility is waived. *Townsend v. Columbia Operations, Inc.*, 667 F.2d 884, 849 (9th Cir.1982); *but see Cristobal v. Siegal*, 26 F.3d 1488, 1494 (9th Cir.1994) (although noting it has never been rejected, questioning the continued viability of *Townsend* in light of subsequent Ninth Circuit decisions).

[19] Motion and Memorandum for Summary Judgment, Docket No. 45, Exh. 3, p. 11 (Bates No. 100158) (Olivo Policy); Exh. 4, p. 11 (Bates No. 100102) (Saechao Policy) (bold print in original).

Saephan contends and Leader concurs that the quoted provision violates AS §28.20.445. Leader further contends that it not only agrees that the provision is unenforceable but it has no intention of enforcing it. Therefore, Saephan's contention that the UIM provision offered by Leader violates Alaska law is well-taken. However, other than declining to enforce it should Leader attempt to change its position,[20] there is no relief in the form of a judgment that this Court can enter.

## VII – CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment at Docket No. 38 and Defendant's Cross-Motion for Summary Judgment at Docket No. 57 are DENIED.

IT IS ORDERED THAT, under FED. R. CIV. P. 58(d), the following facts are established:

1. The failure of Leader Insurance Companies to quote a price or premium for the various levels of uninsured/underinsured motorist coverage does not constitute a violation of AS §21.89.020(c); and

2. The following language in the section on Underinsured Motorist Coverage in the insurance policies at issue in this case violates AS §28.20.445 and is unenforceable:

> Any amounts payable for **damages** under this coverage will be reduced by all sums paid or payable for the **bodily injury** or **property damage** by or on behalf of anyone responsible. This includes any amount paid under the Liability Coverage and any amount paid or payable under any Workers' Compensation Law, disability benefits law, or any similar law.

Dated: September 21, 2006

                                                        s/ Timothy M. Burgess
                                                        TIMOTHY M. BURGESS
                                                        United States District Judge

---

[20] *Progressive Ins. Co. v. Simmons*, 953 P.2d 510, 519–520 (Alaska 1998).