Robert D. Stone, Esq.
LAW OFFICE OF ROBERT STONE, LLC
1049 West 5th Avenue, Suite 102
Anchorage, Alaska 99501
Phone: 276-4190
Fax: 276-4140

Attorney for Nai Saephan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| LEADER INSURANCE COMPANIES, <br><br> Plaintiff, <br><br> vs. <br><br> NAI SAEPHAN as Personal Representative of the Estate of Ann Saephan, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A04-0151 CV (TMB)<br>) |

## ANSWER TO AMENDED COMPLAINT

Defendant, Nai Saephan, as Personal Representative of the Estate of Ann Saephan, Answers the Amended Complaint filed by Leader Insurance Companies as follows:

1. Defendant lacks sufficient information to either admit or deny the allegations asserted in paragraph 1 of Plaintiff's Amended Complaint, and therefore denies the same.

2. Defendant lacks sufficient information to either admit or deny the allegations

asserted in paragraph 2 of Plaintiff's Amended Complaint, and therefore denies the same.

3. Defendant is the Estate of Ann Saephan. The Personal Representative of the Estate is Nai Saephan, who is currently in Oregon.

4. Defendant denies that the Court has jurisdiction. There exists a civil action pending in state court that should resolve several, and possibly all, factual and coverage issues. Moreover, Defendant denies that the Court has jurisdiction to decide any coverage issues arising under Charles Olivo's policy of insurance.

5. Since the Court lacks jurisdiction, Defendant denies that venue is proper. These issues are more properly addressed in the suit currently being filed in Anchorage Superior Court for the State of Alaska entitled *The Estate of Ann Saephan v. Charles Olivo,* Case No. 3AN-05-13024 CI.

6. Defendant admits that Leader issued an automobile insurance policy to Charles Olivo. Defendant admits that Leader issued an automobile insurance policy to Cheng Saechao. Defendant admits that Leader Insurance Companies identifies these two policies as Policy No. 154-12266-8435-001 ("Olivo Policy") and Policy No. 154-57274-1879-001 ("Saechao Policy").

7. Defendant admits that the Olivo and Saechao policies were in effect on November 8, 2003.

8. Defendant admits that the unverified declaration page for the Olivo policy provided by Leader lists $50,000 per person/$100,000 per accident bodily injury liability

coverage and $50,000 per person/$100,000 per accident uninsured/underinsured motorist coverage.

9. Defendant admits that the unverified Leader Insurance Policy attached to Leader's Amended Complaint contains a clause which provides:

> **OTHER DUTIES**
>
> If **you** are claiming any coverage under this policy, **you** must cooperate with **us** in any matter concerning a claim or suit. …
>
> FAILURE TO COMPLY WITH ANY OR ALL OF THE CONDITIONS ABOVE MAY RESULT IN **OUR** REFUSAL TO EXTEND **YOU** ANY PROTECTION UNDER THIS POLICY FOR THE **AUTO ACCIDENT** OR **LOSS**.

10. Defendant admits that the unverified declaration page for the Saechao policy provided by Leader lists $50,000 per person/$100,000 per accident bodily injury liability coverage and $50,000 per person/$100,000 per accident uninsured/underinsured coverage.

11. Defendant admits that the Olivo and Saechao Leader policies provide coverage for claims for damages under the liability, uninsured, and/or underinsured coverage "aris[ing] out of the ownership, maintenance or use of an auto or other motor vehicle." All other allegations contained in paragraph 11 of Plaintiff's Amended Complaint are denied.

12. Defendant admits that Olivo drove his vehicle to the Space Station in Anchorage, Alaska, near the corner of Spenard Road and 27th Avenue, on November 8, 2003. Defendant admits that Olivo stopped his vehicle in the parking lot of the Space Station. Defendant admits that at some point in time, the vehicle was facing south. All

other allegations contained in paragraph 12 of Plaintiff's Amended Complaint are denied.

13.     Defendant admits that Ann Saephan was a front seat passenger in Mr. Olivo's vehicle on November 8, 2003. All other allegations contained in paragraph 13 of Plaintiff's Amended Complaint are denied.

14.     Defendant admits that Olivo was operating his vehicle in the parking lot of the Space Station near the corner of Spenard Road and 27th Avenue on November 8, 2003 when shots were fired by a person in a vehicle behind the Olivo vehicle. Because there is an ongoing criminal investigation, Defendant lacks information sufficient to either admit or deny whether the vehicle from which the shots were fired is "unknown." Because there is an ongoing criminal investigation, Defendant lacks information sufficient to either admit or deny whether the person firing the shots is "unknown." Defendant admits that Ann Saephan was fatally wounded by one or more shots fired from a person in a vehicle behind the Olivo vehicle. Defendant admits that some shots may have been fired while the Olivo vehicle was running and while Olivo was readying the vehicle to leave the parking lot. Additional shots were fired while the vehicle was in motion. Defendant denies all other allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15.     Defendant admits the allegations asserted in paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendant lacks information sufficient to either admit or deny the allegation alleged in paragraph 16 of Plaintiff's Amended Complaint, and therefore denies the same.

<u>First Claim for Declaratory Relief</u>

17. This paragraph does not require an answer.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

<u>Second Claim for Declaratory Relief</u>

19. This paragraph does not require an answer.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

<u>Third Claim for Declaratory Relief</u>

21. This paragraph does not require an answer.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

**AFFIRMATIVE DEFENSES**

1. The Court lacks subject matter jurisdiction. Arbitration of disagreements on the legal right of the insured to receive damages under the policy is a valuable and material right of insureds specified in the Leader policies purchased by Saechao and Olivo. The Saechao and Olivo insurance policies sold by Leader provide in pertinent part:

> If we and you ... do not agree on your legal right to receive damages or the amount of damages, then upon the written request of either party, the disagreement will be settled by arbitration.

A04-0151 CV (JKS)

On May 4, 2004, May 17, 2004, and June 22, 2004 Leader representatives informed the Estate that Leader was still investigating and would provide its response to the Estate's claims shortly.  However, on July 21, 2004, without any advance notice, Leader filed suit for Declaratory Relief in United States District Court at Anchorage against the Estate seeking to avoid all coverages under the uninsured and underinsured portions of the Saechao and Olivo policies.  In fact, Leader sued its insured before the Estate was ever formed.

    2.    In alternative, the Court should decline to exercise jurisdiction over the subject matter in light of the pending state court matter, *The Estate of Ann Saephan v. Charles Olivo,* Case No. 3AN-05-13024 CI, which could potentially resolve all factual and coverage issues.

    3.    Leader has not joined Olivo as a party and therefore cannot seek an order from the Court declaring that Olivo breached his duty of cooperation.

    4.    Failure to state a claim upon which relief can be granted.

    5.    Unclean Hands.

    6.    Estoppel.

    7.    Failure of consideration.

    8.    Waiver.

    9.    Injunctive relief.

    10.    Defendant reserves the right to assert additional affirmative defenses as they

become known through discovery.

WHEREFORE, Defendant prays for relief as follows:

1. Dismissal of all of Plaintiff's claims against Defendant.

2. An award of attorney fees and costs in defending this action brought by Plaintiff.

3. In the alternative, if the Court decides to exercise jurisdiction, then for relief as follows:

    a. The insurance contract between Leader and Mr. Olivo is a contract of adhesion.

    b. The insurance contract between Leader and Mr. Saechao is a contract of adhesion.

    c. That Ann Saephan's death "a[rose] out of the ownership, maintenance or use of an auto or other motor vehicle."

    d. As a passenger in Charles Olivo's vehicle, Ann Saephan was an insured under Mr. Olivo's policy of insurance issued by Leader.

    e. On or about November 8, 2003, sixteen year old Ann Saephan was a passenger in a motor vehicle owned and operated by Charles Olivo at and near the Space Station in Anchorage, Alaska. The Olivo vehicle was targeted, stalked, and pursued by attackers in another motor vehicle, who negligently and recklessly used the other vehicle to approach within

firing distance from the Olivo vehicle, and fired shots from the other vehicle into the Olivo vehicle, which shots accidentally struck Ann Saephan. As the shooting began, Olivo drove his vehicle out of the parking lot and down to 29th Avenue, transporting his passengers, including the wounded Ann Saephan, to that location before stopping to call for help and before providing any first aid or other care for Ann Saephan. Ann Saephan died from her injuries as the accidental victim resulting from being a passenger in the targeted Olivo vehicle.

f. Olivo was negligent in his use and operation of his motor vehicle, which negligence included exposing his 16-year old passenger, Ann Saephan, to the extreme danger of an attack when he knew or reasonably should have known that he and/or his vehicle was likely to be the target of such an attack and that any person riding in his vehicle would be exposed to grave danger by being a passenger in said vehicle. Olivo also used and operated his vehicle in a negligent manner by transporting the seriously injured Ann Saephan in his vehicle to a different location where she was less likely to receive timely emergency assistance.

g. On or about November 8, 2003, Ann Saephan was also insured by Leader Insurance Companies, under policy number 154-57274-1879-001, issued to Cheng Saechao. Ann Saephan was a member of the

        family and a resident of the household of Cheng Saechao. The Leader insurance policy issued to Cheng Saechao ("Saechao policy") included bodily injury liability coverage, and first-party coverages, including, UM/UIM and medical payments coverage. Ann Saephan was an insured under the Saechao policy, including the first-party coverages for UM/UIM and medical payments.

    h.    The Olivo and Saechao policy provisions are unclear, misleading, and not in accordance with the law. Among others, the policies define an underinsured motor vehicle contrary to AS 28.40.100. The policies also contradict the underinsured motor vehicle stacking provisions contained in AS 28.20.445 and AS 28.22.221.

    i.    Leader concealed from its insured the following:

        1)    The identity of the driver of the vehicle in which Ann Saephan was a passenger;

        2)    That both the driver and the vehicle were covered under liability and UM/UIM policies of insurance sold by Leader Insurance; and,

        3)    As a passenger in the Olivo vehicle, Ann Saephan was an insured under the Olivo policy UM/UIM and Medical Payments coverages sold by Leader.

    j.    On March 29, 2004, Leader adjuster Jamie Moore informed the Estate, for the first time, that Charles Olivo was a Leader insured. On March 29, 2004, the Estate

asserted claims under the Olivo policy of insurance. The Estate asserted liability claims, UM claims, UIM claims, and Med Pay claims.

4.   For pre-judgment and post-judgment interest at the maximum rate allowable by law;

5.   For Plaintiff's costs and attorney's fees incurred in pursing this action;

6.   For injunctive relief requiring Leader to arbitrate, in accordance with the provisions of the Leader insurance policies, the right of the Estate to recover UM/UIM benefits under the policies and the amount of those damages; and,

7.   For such other and further relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED this 2nd day of January, 2007, at Anchorage, Alaska.

> LAW OFFICE OF ROBERT STONE, LLC
> Attorney for Defendant
>
> By:   s/ Robert D. Stone
> 1049 West 5th Ave., Ste. 102
> Anchorage, Alaska, 99501
> Phone: (907) 276-4190
> Fax: (907) 276-4140
> E-mail: stonelaw@alaska.com
> Alaska Bar No. 9411128

**Certificate of Service**

I hereby certify that on the
<u>2nd</u> day of January, 2007, a copy
of the foregoing was
served electronically on the following:

Rebecca Hozubin
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska 99501

s/ Robert D. Stone
LAW OFFICE OF ROBERT D. STONE, LLC