Robert D. Stone, Esq.
LAW OFFICE OF ROBERT STONE, LLC
1049 West 5th Avenue, Suite 102
Anchorage, Alaska 99501
Phone: 276-4190
Fax: 276-4140

Attorney for the Estate of Ann Saephan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| LEADER INSURANCE COMPANIES,         ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.         ) | |
| ) | |
| NAI SAEPHAN as Personal Representative ) | |
| of the Estate of Ann Saephan,       ) | |
| ) | |
| Defendant.   ) Case No. A04-0151 CV (TMB) | |
| ) | |

## MOTION TO SET ASIDE DEFAULT

Defendant, the Estate of Ann Saephan, requests that the Court set aside default that was entered by the Clerk on December 27, 2006. Default judgment has not been entered, and Defendant's Answer to the Amended Complaint was filed on January 3, 2007. As set forth below, good cause exists to set aside default, hence furthering the Ninth Circuit's "long-standing principle that default judgments are disfavored." *Life Ins. Plan v. Knoebber,* 244 F.3d 691, 695 (9th Cir. 2001); FED. R. CIV. P. 55(c).

Motion to Set Aside Default                Page 1 of 7
*Leader Insurance Companies v. Estate of Saephan*
A04-0151 CV (TMB)

"In deciding whether to undue a default or default judgment, the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, is balanced with the interest of both litigants and the courts in the finality of judgments." *Life Ins. Plan v. Knoebber,* 244 F.3d at 695, *citing Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985). And while the decision rests within the sound discretion of the District Court, "the Ninth Circuit has admonished that, as a general matter, Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" *Life Ins. Plan v. Knoebber,* 244 F.3d 691, 695-96 (9th Cir. 2001), *quoting Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). The *Knoebber* court further explained, "More specifically, in applying the general terms of Rule 60(b) to default judgments, this Court has emphasized that such judgments are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* at 696, *quoting Falk* at 463. "Put another way," the Court added, "where there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id.*

This case was filed in late 2004. Since that time, the parties have engaged in protracted litigation with motion practice on unique issues of law. The disputes between the parties exist concurrently in state and federal court, with the state court litigation scheduled for trial February 26. On September 21, 2006, this Court, while addressing various issues, ordered Defendant to file an Answer to the Amended Complaint within 10

Motion to Set Aside Default             Page 2 of 7
*Leader Insurance Companies v. Estate of Saephan*
A04-0151 CV (TMB)

days of service of the order. In response to the Court's Order, counsel for Defense and counsel for Plaintiff thereafter discussed the possibility of resolving their disputes (both in state and in federal court), before re-litigating the same issues.

Unfortunately, as the attorneys prepared to negotiate, the adjuster for Leader Insurance Companies (Plaintiff) was busy in trial and could not discuss settlement. Thus, an unopposed motion for an extension of time to file the Answer to the Amended Complaint until October 13 was filed. The hope was that the parties could engage in settlement discussions when the adjuster became available. The Court granted the motion, extending the deadline to October 13.

Unfortunately, as October 13 approached, the adjuster for Leader was still unavailable to discuss settlement. Therefore, another unopposed motion to extend the deadline to Answer was filed, extending the deadline to November 27. This motion was also granted by the Court.

But again the adjuster failed to make herself available. Thus, at this point in time we had a grieving family, anxious to put the death of their loved-one behind them, feeling like the insurance company was stone-walling them. Although Leader led them to believe that it would engage in settlement discussions, it ultimately refused to do so. Complicating matters was the fact that the holidays had arrived, bringing even more emotion. Over the next 3 ½ weeks (between November 27 and December 22), the following occurred:

Motion to Set Aside Default                Page 3 of 7
*Leader Insurance Companies v. Estate of Saephan*
A04-0151 CV (TMB)

1) The out-of-state Personal Representative (the deceased's sister), was particularly distraught over the failed settlement negotiations, especially in light of the approaching holidays, and was difficult to reach;

2) The Personal Representative sought to be replaced by another family member, as this case was taking an emotional toll upon her;

3) Counsel for the Personal Representative attended two settlement conferences, a mediation, and seven depositions between November 27 and Friday, December 22;

Then, on the afternoon of December 22, Counsel for the Personal Representative closed his office for the Chistmas holiday. While closed, Plaintiff filed for default. Also while Defense counsel's office was closed, the Clerk of Court entered default (on December 27). Counsel re-opened for business on Tuesday, January 2. On January 3, the Estate filed its Answer to the Amended Complaint.

Plaintiff's Complaint and Amended Complaint are similar. Defendant's Answer to the Complaint and Defendant's Answer to Plaintiff's Amended Complaint are substantially similar. The allegations contained in Plaintiff's Amended Complaint had been previously denied by Defendant's Answer to the original Complaint. This is not a case where an original complaint went unanswered and ignored without an entry of appearance. Much to the contrary, this was an ongoing case, with extensive motion practice. And the Answer to the Amended Complaint was filed before default judgment was entered.

Motion to Set Aside Default                Page 4 of 7
*Leader Insurance Companies v. Estate of Saephan*
A04-0151 CV (TMB)

In addition to the Ninth Circuits overriding opposition to default, the Estate of Ann Saephan satisfies the three part "good cause" test: 1) whether the Estate of Ann Saephan engaged in culpable conduct that led to the default; 2) whether the Estate of Ann Saephan had a meritorious defense; or 3) whether reopening the default judgment would prejudice Leader Insurance Companies. The Estate of Ann Saephan bears the burden to show that <u>any</u> of these factors favors setting aside the default. *Life Ins. Plan v. Knoebber,* 244 F.3d 691, 697 (9th Cir. 2001).

As set forth above, the Estate of Ann Saephan did not engage in culpable conduct, leading to the default. In the middle of the holiday season, with numerous deadlines and communication problems, the Estate of Ann Saephan attempted to resolve this case. Unfortunately, Leader was not as available to discuss settlement. The facts set forth above demonstrate a lack of culpable conduct.

Second, it is the position of the Estate of Ann Saephan that the question presented to the Court has been partially decided by the Alaska Supreme Court in *Shaw v. State Farm,* 19 P.3d 588 (Alaska 2001). Accordingly, the Estate of Ann Saephan has a meritorious defense and it should be heard by the Court.

Third, Plaintiff suffered no prejudice by the delay. Accordingly, good cause exists to set aside the default entered by the Court on December 27, 2006.

In summary, good cause exists to set aside default, hence furthering the Ninth Circuit's "long-standing principle that default judgments are disfavored." *Life Ins. Plan v. Knoebber,* 244 F.3d 691, 695 (9th Cir. 2001); FED. R. CIV. P. 55(c). The Court should

Motion to Set Aside Default                Page 5 of 7
*Leader Insurance Companies v. Estate of Saephan*
A04-0151 CV (TMB)

follow the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, instead of defaulting parties. As stated by the *Knoebber* court, "[default] judgments are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696, *quoting Falk* at 463. There fails to exist "extreme" circumstances warranting an order of default judgment. Thus, the Estate of Ann Saephan requests that the Court set aside the default that was entered by the Clerk on December 27, 2006.

RESPECTFULLY SUBMITTED this 12th day of February, 2007, at Anchorage, Alaska.

                                                LAW OFFICE OF ROBERT STONE, LLC
                                                Attorney for Defendant

By:   s/ Robert D. Stone
        1049 West 5th Ave., Ste. 102
        Anchorage, Alaska, 99501
        Phone: (907) 276-4190
        Fax: (907) 276-4140
        E-mail: stonelaw@alaska.com
        Alaska Bar No. 9411128

Motion to Set Aside Default       Page 6 of 7
*Leader Insurance Companies v. Estate of Saephan*
A04-0151 CV (TMB)

**Certificate of Service**

I hereby certify that on the
12<u>th</u> day of February, 2007, a copy
of the foregoing was
served electronically on the following:


Rebecca Hozubin
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska 99501


<u>s/ Robert D. Stone            </u>
LAW OFFICE OF ROBERT D. STONE, LLC

Motion to Set Aside Default                Page 7 of 7
*Leader Insurance Companies v. Estate of Saephan*
A04-0151 CV (TMB)